**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4370**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC THOMAS MYERS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:16-cr-00223-1)

Submitted:  November 20, 2017                    Decided:  January 12, 2018

Before WILKINSON, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, Fairmont, West Virginia, for Appellant.  Willard Clinton Carte, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Thomas Myers appeals from the district court's order revoking his supervised release and sentencing Myers to six months' imprisonment and an additional term of supervised release, including six months to be served in a halfway house. Myers appeals. Counsel for Myers has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the following issues: (1) whether trial counsel was ineffective, and (2) whether Myers' sentence is unreasonable. Although advised of his right to file a pro se supplemental brief, Myers has not done so.

"Claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance . . . . Otherwise, the proper avenue for such claim is a 28 U.S.C. § 2255 [(2012)] motion filed with the district court." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We find that ineffectiveness does not conclusively appear on the face of the record.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a sentence is "plainly unreasonable," this court first assesses whether the sentence is procedurally and substantively reasonable. *Id.* at 438. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." *Id.* at 439. A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained

in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences. *Crudup*, 461 F.3d at 439.

Here, the district court properly calculated Myers' policy statement range and noted the appropriate statutory maximum term. The transcript of Myers' revocation hearing reveals that the district court also properly considered the Chapter Seven policy statements as well as the relevant factors set forth in § 3553(a). With respect to the portion of Myers' sentence requiring a 6-month stay in a halfway house, we review such "imposition of special conditions of supervised release for abuse of discretion." *United States v. Faulls*, 821 F.3d 502, 509 (4th Cir. 2016). "A judge has significant flexibility in formulating special conditions of supervised release," including the ability to impose a period of community confinement. *United States v. Marino*, 833 F.3d 1, 10 (1st Cir. 2016) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(d) (2012) (granting district court authority to order as condition of supervised release "any condition set forth as a discretionary condition of probation in section 3563(b)"); 18 U.S.C. § 3563(b)(11) (2012) (providing that district courts may require defendants to "reside at . . . a community corrections facility"). Courts may order special conditions of supervised release to the extent those conditions (1) are "reasonably related" to the offense and the defendant's history, the need to deter criminal conduct, the need to protect the public, and the need to provide the defendant with treatment or care; (2) "involve[ ] no greater deprivation of liberty than is reasonably necessary" to achieve those purposes; and (3) are "consistent with any pertinent policy statements" in the Guidelines. 18 U.S.C. § 3583(d).

Applying this standard, we find that the district court did not abuse its discretion in imposing the additional condition of a halfway house.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Myers, in writing, of the right to petition the Supreme Court of the United States for further review. If Myers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Myers. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*